JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Laird

## DEFENDANTS
State Farm Mutual Automobile Insurance Company, Incorrectly Designated as State Farm Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Chester County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   McLean County, IL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael O. Pansini, Esquire/Pansini & Mezrow
1525 Locust Street, 15th Floor, Philadelphia, PA 19102 - (215) 732-5555

Attorneys (If Known)
Michael Saltzburg, Esquire, Bennett, Bricklin & Saltzburg, LLC
1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3340

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

X 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine   **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | | | **FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    X 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332 and 1446
Brief description of cause:
Claim for underinsured motorist benefits/breach of contract.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Excess of $50,000.    CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE           DOCKET NUMBER

DATE
March 20, 2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   101 N. Inverness Way, Coatesville, PA 19320

Address of Defendant: One State Farm Plaza, Bloomington, IL 61710

Place of Accident, Incident or Transaction:   Talbot County, MD

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No**X**

Does this case involve multidistrict litigation possibilities?     Yes☐  No**X**

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No**X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. **X** Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,   Michael Saltzburg   , counsel of record do hereby certify:

  X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐  Relief other than monetary damages is sought.

DATE:   March 20, 2015       Michael Saltzburg       19937

                          Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   March 20, 2015       Michael Saltzburg       19937

                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **RICHARD LAIRD** | : | |
| | : | **No.** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **STATE FARM INSURANCE COMPANY** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits                      ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                             ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                               ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| **March 20, 2015** | **Michael Saltzburg** | **Attorney for Defendant** |
| **Date** | **Attorney-at-law** | **State Farm Mutual Automobile Insurance Company, Incorrectly Designated in the Caption and Complaint as State Farm Insurance Company** |
| | | |
| **(215) 665-3340** | **(215) 561-6661** | saltzburg@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD LAIRD                          :
                                       :      No.
                                       :
              v.                       :
                                       :
                                       :
STATE FARM INSURANCE COMPANY           :

---

### NOTICE OF REMOVAL

AND NOW, comes the defendant, State Farm Mutual Automobile Insurance Company, incorrectly designated in the caption and complaint as State Farm Insurance Company, for the purpose only of removing the cause to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at February Term, 2015, No. 2249.

2.      This action was initiated by a complaint filed on February 19, 2015.  A copy of the complaint is attached hereto as Exhibit "A."

3.      A copy of the complaint was served upon State Farm Mutual Automobile Insurance Company ("State Farm") on March 6, 2015.

4.      State Farm is now, and was at the time plaintiff filed his complaint, a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois and, therefore, it is a citizen of Illinois for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

5.      According to the averments in his complaint, plaintiff is a citizen of the Commonwealth of Pennsylvania.

6.      The amount in controversy, exclusive of interest and costs, is in excess of Seventy-five Thousand Dollars ($75,000.00) in that plaintiff is seeking to recover for personal injuries sustained in a motor vehicle accident under the underinsured motorist provisions of an insurance policy providing $500,000 in coverage and has demanded that amount in settlement of his claim for underinsured motorist benefits.

7.      In the addendum clause of the complaint, plaintiff seeks damages in excess of $50,000.00.

8.      This Notice of Removal is being filed within 30 days of State Farm's receipt of the complaint.

9.      The averments made in this Notice of Removal are true and accurate with respect to the date upon which suit was commenced, the date upon which State Farm received a copy of plaintiff's complaint and the date upon which this Notice is being filed.

10.     This is a suit of a civil nature and involves a controversy between citizens of different states.  Plaintiff is a citizen of the Commonwealth of Pennsylvania.  Defendant State Farm is a citizen of the State of Illinois.

11.     28 U.S.C. § 1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

12.     State Farm files this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

13.     Simultaneously with the filing of this Notice, State Farm has notified plaintiff, through his counsel, that the action is being removed to the United States District Court for the Eastern District of Pennsylvania.

2

14.    State Farm is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Philadelphia County Court of Common Pleas.

**WHEREFORE**, State Farm Mutual Automobile Insurance Company, incorrectly designated as State Farm Insurance Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    _____ MS3032
MICHAEL SALTZBURG
Attorney I.D. No. 19937
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
saltzburg@bbs-law.com
Attorney for Defendant,
State Farm Mutual Automobile Insurance
Company

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD LAIRD                          :
                                       :     No.
                                       :
             v.                        :
                                       :
                                       :
STATE FARM INSURANCE COMPANY           :

### NOTICE TO PLAINTIFF

TO:    RICHARD LAIRD
       c/o Michael O. Pansini, Esquire
       Pansini & Mezrow, P.C.
       1525 Locust Street, 15th Floor
       Philadelphia, PA 19102

Please take notice that defendant State Farm Mutual Automobile Insurance Company, incorrectly designated in the caption and complaint as State Farm Insurance Company, by its attorneys, Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania removing to that Court a civil action previously pending in the Court of Common Pleas of Philadelphia County entitled *Richard Laird v. State Farm Insurance Company*, February Term, 2015, No. 2249.

                          BENNETT, BRICKLIN & SALTZBURG LLC

              By:    _____ MS3032
                     MICHAEL SALTZBURG
                     Attorney I.D. No. 19937
                     1601 Market Street, 16th Floor
                     Philadelphia, PA 19103
                     (215) 561-4300
                     saltzburg@bbs-law.com
                     Attorney for Defendant,
                     State Farm Mutual Automobile Insurance
                     Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD LAIRD                          :
                                       :   No.
                                       :
            v.                         :
                                       :
                                       :
STATE FARM INSURANCE COMPANY           :

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA  :
                                          §
COUNTY OF PHILADELPHIA         :

      Michael Saltzburg, being duly sworn according to law, deposes and says that he is a member

of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant State Farm Mutual

Automobile Insurance Company, incorrectly designated in the caption and complaint as State Farm

Insurance Company, that he did direct the filing with the Prothonotary of the Court of Common Pleas

of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on

March 20, 2015.

                       **BENNETT, BRICKLIN & SALTZBURG LLC**

                 By:     _____  MS3032
                        MICHAEL SALTZBURG
                        Attorney I.D. No. 19937
                        1601 Market Street, 16th Floor
                        Philadelphia, PA 19103
                        saltzburg@bbs-law.com
                        Attorney for Defendant,

Sworn to and subscribed             State Farm Mutual Automobile Insurance
before me this 20th day             Company
of March , 2015.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD LAIRD                          :
                                       :   No.
                                       :
               v.                      :
                                       :
                                       :
STATE FARM INSURANCE COMPANY           :

### PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA :
                                       §
COUNTY OF PHILADELPHIA        :

Michael Saltzburg, after being first duly sworn upon oath, deposes and says that he is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant State Farm Mutual Automobile Insurance Company, incorrectly designated in the caption and complaint as State Farm Insurance Company, and that he did serve this 20th day of March, 2015, the aforementioned Notice to plaintiff upon the individual named below via Electronic Filing and via Email to:

RICHARD LAIRD
c/o Michael O. Pansini, Esquire
Pansini & Mezrow, P.C.
1525 Locust Street, 15th Floor
Philadelphia, PA  19102
mpansini@pansinilaw.com

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: _____ MS3032
MICHAEL SALTZBURG
Attorney I.D. No. 19937
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
saltzburg@bbs-law.com
Attorney for Defendant,
State Farm Mutual Automobile Insurance
Company

Sworn to and subscribed
before me ths 20th day
of March , 2015.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

FEBRUARY 2015

002249

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RICHARD LAIRD | STATE FARM INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 101 N. INVERNESS WAY COATESVILLE PA 19320 | 1 STATE FARM DRIVE CONCORDVILLE PA 19339 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1C - CONTRACTS (GOODS), ENFORCE |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | FILED PRO PROTHY FEB 19 2015 D. SAVAGE | YES      NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RICHARD LAIRD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL O. PANSINI | PANSINI & MEZROW 1525 LOCUST ST 15TH FLOOR PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)732-5555 | (215)732-7872 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44455 | MPansini@Pansinilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL PANSINI | Thursday, February 19, 2015, 02:21 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**PANSINI & MEZROW**
**BY: MICHAEL O. PANSINI, ESQUIRE**
**I.D. #: 44455**
**1525 LOCUST STREET, 15TH FLOOR**
**PHILADELPHIA, PA 19102**
**215-732-5555**

**JURY TRIAL DEMANDED**



**ATTORNEY FOR PLAINTIFF**

---

**RICHARD LAIRD**
**101 N. Inverness Way**
**Coatesville, PA 19320**

⋮
⋮
⋮
⋮
⋮

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**vs.**

⋮
⋮
⋮

**STATE FARM INSURANCE COMPANY**
**1 State Farm Drive**
**Concordville, PA 19339**

⋮
⋮
⋮

---

## CIVIL ACTION - COMPLAINT - NOTICE TO DEFEND
## 1C - CONTRACT

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Liceneados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 150202249

1.     Plaintiff, **RICHARD LAIRD**, is an adult individual residing at 101 N. Inverness Way, Coatesville, PA 19320

2.     Defendant, **STATE FARM INSURANCE COMPANY**, is a corporation or other business entity engaged in the insurance business, which operates in the Commonwealth of Pennsylvania, and at all times relevant to this cause of action was authorized and did sell liability insurance policies throughout the Commonwealth of Pennsylvania and which at all times material hereto has an office located at 1 State Farm Drive, Concordville, PA. At all times relevant hereto, said Defendant has engaged in business within the County of Philadelphia on a regular, systematic, continuous and substantial basis.

3.     Prior to March 23, 2008, the Defendant, **STATE FARM INSURANCE COMPANY**, issued a policy of automobile liability insurance to Plaintiff, **RICHARD LAIRD**. Said policy number 109 9486 - C01-34 and was effective on all dates hereinafter mentioned. See true and correct copy of insurance policy attached as Exhibit "A".

4.     The aforesaid policy of automobile liability insurance provided for payment of underinsured motorist benefits in accordance with the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

5.     On or about March 23, 2008, the aforesaid policy of automobile liability insurance, including the provisions for payment of underinsured motorist benefits, was in full force and effect.

6.     On or about March 23, 2008, the underlying tortfeasor's vehicle was traveling in a westerly direction on U.S. Route 50 in Maryland, when it was so carelessly and negligently operated and controlled that it was caused to strike a motor vehicle which was

2

Case ID: 150202249

directly in front of it and also traveling westerly on U.S. Route 50 which vehicle was being operated by Plaintiff, **RICHARD LAIRD**, who was then and there lawfully upon the highway at the time and place aforesaid.

7.     By reason of the aforesaid negligence of the tortfeasor motor vehicle operator, the Plaintiff, **RICHARD LAIRD**, suffered severe and permanent injuries to his head, neck, chest, abdomen and back; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms and legs; including but not limited to concussion, traumatic brain injury, post-concussion syndrome secondary to closed head injury, sympathetic mediated pain syndrome, neuropathy, brachial plexopathy, cervical radiculopathy, left shoulder capsulitis, posterior occipital neuralgia with cervical plexus syndrome symptoms, reactive depression, supraspinatus impingement of the left shoulder, problems with focus, headaches, ulnar nerve compromise at the elbow, medial nerve compromise at the radial tunnel, radial wrist injury, post-concussion syndrome, loss of consciousness, and aggravation and/or exacerbation of all known and unknown preexisting medical conditions.  The Plaintiff, **RICHARD LAIRD**, suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss.  The Plaintiff, **RICHARD LAIRD**, believes and therefore avers that his injuries are permanent in nature.

3

8.     As a result, of the aforesaid occurrence, the Plaintiff, **RICHARD LAIRD**, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

9.     As a result of the aforesaid occurrence, the Plaintiff, **RICHARD LAIRD**, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

10.     As a result of the aforesaid occurrence, the Plaintiff, **RICHARD LAIRD**, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

11.     The insurance company for the tortfeasor tendered its policy limits. The tortfeasor was insured by **STATE FARM INSURANCE COMPANY**.

12.     As the negligent tortfeasor who caused the severe and permanent injuries sustained by Plaintiff, **RICHARD LAIRD**, was underinsured, Plaintiff, **RICHARD LAIRD**, requested and is entitled to recovery of the limits of his underinsured motorist coverage through Defendant, **STATE FARM INSURANCE COMPANY**.

13.     Plaintiff, **RICHARD LAIRD**, advised **STATE FARM INSURANCE COMPANY** that he was making a claim for underinsured motorist benefits.

14.     Defendant, **STATE FARM INSURANCE COMPANY**, acknowledged the intent to make an underinsured motorist claim.

15.     Defendant, **STATE FARM INSURANCE COMPANY**, advised that it is not agreeable to arbitration of the underinsured motorist claim.

4

16.    As such, this litigation was commenced to seek recovery of underinsured motorist benefits under the State Farm policy of insurance.

**WHEREFORE**, Plaintiff, **RICHARD LAIRD**, demands damages of the Defendant, **STATE FARM INSURANCE COMPANY**, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus interest, delay damages and costs.

**Respectfully submitted,**

**PANSINI & MEZROW**


BY:    **/s/ Michael O. Pansini**
**MICHAEL O. PANSINI, ESQUIRE**
**Attorney for Plaintiff**

Date: 2/19/15

5

Case ID: 150202249

**COMMONWEALTH OF PENNSYLVANIA**     :
                                     : **SS**
**COUNTY OF PHILADELPHIA**           :


       Richard Laird_____, being duly sworn according to law, deposes and says that he/she is the Plaintiff in the foregoing action, and that the facts set forth in the Civil\_\_\_\_\_ Action Complaint_____ are true and correct to the best of his/her knowledge, information and belief.  I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


                                      *Richard M. Laird*
                                        Richard Laird


**DATE:** 2/19/15_____



# Exhibit "A"

Case ID: 150202249



Please read the policy carefully. If there is
an accident, contact your State Farm agent
or one of our Claim Offices at once. (See
"INSURED'S DUTIES" in this policy booklet.)

## State Farm®
## Car Policy
## Booklet

**Pennsylvania**
Policy Form 9838A

Case ID: 150202249

# CONTENTS

THIS POLICY ........................................... 3
DEFINITIONS .......................................... 4
LIABILITY COVERAGE ........................... 7
    Additional Definition ............................... 7
    Insuring Agreement .................................. 7
    Supplementary Payments ......................... 8
    Limits ....................................................... 8
    Nonduplication ........................................ 9
    Exclusions ................................................ 9
    If Other Liability Coverage Applies ....... 10
    Required Out-of-State Liability Coverage 11
    Financial Responsibility Certification ..... 11

FIRST PARTY COVERAGES .................. 12
    Additional Definitions – Coverages C2, Q,
    Z, Y, and F ............................................. 12
    MEDICAL PAYMENTS –
    COVERAGE C2 ...................................... 12
    Insuring Agreement – Coverage C2 ........ 12
    EXTRAORDINARY MEDICAL PAY-
    MENTS – COVERAGE Q ..................... 13
    Insuring Agreement and Limits –
    Coverage Q ............................................. 13
    LOSS OF INCOME – COVERAGE Z ..... 14
    Insuring Agreement – Coverage Z .......... 14
    DEATH, DISMEMBERMENT AND LOSS
    OF SIGHT – COVERAGE Y ................. 14
    Additional Definition – Coverage Y ........ 14
    Insuring Agreement – Coverage Y ........... 14
    Payments of Benefits – Coverage Y ........ 15
    FUNERAL BENEFITS –
    COVERAGE F .......................................... 15
    Insuring Agreement – Coverage F ........... 15
    Limits – Coverage C2 .............................. 15
    Limits – Coverage Z ................................ 15
    Limits – Coverage Y ................................ 15
    Limits – Coverage F ................................ 15
    Limits – Coverages C2, Q, Z, Y, and F ... 15
    Priorities for the Payment of First Party
    Benefits – Coverages C2, Q, Z, Y, and F .. 15
    Exclusions – Coverages C2, Q, Z, Y, and F .. 16

Mental or Physical Examination – Coverages
C2, Q, Z, Y, and F .................................... 16
COMBINED BENEFITS –
COVERAGE M .......................................... 17
    Insuring Agreement – Coverage M ......... 17
    Limits – Coverage M ............................... 17
    Time Limitation – Coverage M ............... 17
    Other Provisions – Coverage M .............. 17
UNINSURED MOTOR VEHICLE
COVERAGES ........................................... 17
    Additional Definitions – Coverages U
    and U3 ..................................................... 17
    Insuring Agreement – Coverages U
    and U3 ..................................................... 18
    Consent to Settlement – Coverages U
    and U3 ..................................................... 19
    Deciding Fault and Amount – Coverages U
    and U3 ..................................................... 19
    Limits – Coverages U and U3 ................. 19
    Limits – Coverage U3 .............................. 20
    Nonduplication – Coverages U and U3 .... 20
    Exclusions – Coverages U and U3 .......... 20
    Exclusions – Coverage U ......................... 20
    Exclusions – Coverage U3 ....................... 21
    If Other Uninsured Motor Vehicle Coverage
    Applies – Coverage U .............................. 21
    If Other Uninsured Motor Vehicle Coverage
    Applies – Coverage U3 ............................ 21
    Our Payment Options – Coverages U
    and U3 ..................................................... 22
UNDERINSURED MOTOR VEHICLE
COVERAGES ........................................... 23
    Additional Definitions – Coverages W
    and W3 .................................................... 23
    Insuring Agreement – Coverages W
    and W3 .................................................... 24
    Consent to Settlement – Coverages W
    and W3 .................................................... 24
    Deciding Fault and Amount – Coverages W
    and W3 .................................................... 24
    Limits – Coverages W and W3 ................ 25
    Limits – Coverage W3 ............................. 25
    Nonduplication – Coverages W and W3 ... 25

Case ID: 150202249

Exclusions – Coverages W and W3 ...........26
Exclusions – Coverage W ..........................26
Exclusions – Coverage W3 ........................26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W ...............26
If Other Underinsured Motor Vehicle
Coverage Applies – Coverage W3 .............27
Our Payment Options – Coverages W
and W3 .......................................................28
PHYSICAL DAMAGE COVERAGES ..28
Additional Definitions...............................28
Insuring Agreements .................................29
Supplementary Payments – Comprehensive
Coverage and Collision Coverage.............31
Limits and Loss Settlement – Comprehensive
Coverage and Collision Coverage.............31
Limits – Car Rental and Travel Expenses
Coverage ....................................................33
Nonduplication...........................................33
Exclusions.................................................33
If Other Physical Damage Coverage or
Similar Coverage Applies .........................35
Financed Vehicle .......................................36
Our Payment Options ................................36

INSURED'S DUTIES..............................37
Notice to Us of an Accident or Loss..........37
Notice to Us of a Claim or Lawsuit...........37
Insured's Duty to Cooperate With Us.........37
Questioning Under Oath ............................37
Other Duties Under the Physical
Damage Coverages....................................38
Other Duties Under First Party Coverages,
Uninsured Motor Vehicle Coverages, and
Underinsured Motor Vehicle Coverages ...38
GENERAL TERMS...............................39
When Coverage Applies ............................39
Where Coverage Applies ...........................39
Newly Owned or Newly Leased Car..........39
Changes to This Policy...............................40
Premium.....................................................40
Renewal ......................................................41
Nonrenewal ................................................41
Cancellation................................................41
Assignment.................................................42
Bankruptcy or Insolvency of the Insured ..42
Concealment or Fraud ...............................42
Our Right to Recover Our Payments..........42
Legal Action Against Us ............................42
Choice of Law ...........................................43
Severability................................................43

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2. This policy contains all of the agreements between all named insureds and applicants and:
   a. *us*; and

   b. any of *our* agents.

3. *We* agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:
      (1) The named insured is the sole owner of *your car*.
      (2) Neither *you* nor any member of *your* household has, within the past three years, had:

Case ID: 150202249

(a) vehicle insurance canceled or nonrenewed by an insurer; or

(b) either:

(i) a license to drive; or

(ii) a vehicle registration suspended, revoked, or refused.

(3) *Your car* is used for pleasure and business.

4. All named insureds and applicants agree by acceptance of this policy that:

a. the statements in 3.b. above are made by the named insured or applicant and are true; and

b. *we* provide this insurance on the basis those statements are true.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

a. Mycotoxins;

b. Spores;

c. Scents; or

d. Byproducts.

*Newly Acquired Car* means a *car* newly *owned by you*. A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes such *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date such *car* is delivered to *you*.

If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the *newly acquired car* is delivered to *you*.

*Non-Owned Car* means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

1. is *owned by*:

a. *you*;

4

9838A

b.  any *resident relative*;

c.  any other *person* who resides primarily in *your* household; or

d.  an employer of any *person* described in a., b., or c. above; nor

2.  has been operated by, rented by, or in the possession of:

a.  *you*; or

b.  any *resident relative*

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*Occupying* means in, on, entering, or exiting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1.  owned by;

2.  registered to; or

3.  leased, if the lease is written for a period of 31 or more consecutive days, to.

*Pedestrian* means a *person* who is not *occupying*:

1.  a motorized vehicle; or

2.  a vehicle designed to be pulled by a motorized vehicle.

*Person* means a human being.

*Private Passenger Car* means:

1.  a *car* of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry *persons* and their luggage; or

2.  a pickup truck, van, minivan, or sport utility vehicle:

a.  that is not used for:

(1)  wholesale; or

(2)  retail

pick up or delivery; and

b.  that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

*Resident Relative* means a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and who is:

1.  related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2.  a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above.

See First Party Coverages for the definition of *Resident Relative* used there.

*Serious injury* means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

Unless the injury sustained is a *serious injury*, each *person* who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

1.  An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

a.  is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

b.  is operating a motor vehicle registered in another state;

c.  intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act

5

9838A

Case ID: 150202249

or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person;

    d.  has not maintained financial responsibility as required by Chapter 17 of Title 75 of the Pennsylvania Consolidated Statutes, provided that, nothing in this paragraph shall affect the limitation of section 1731(d)(2) of Title 75 of the Pennsylvania Consolidated Statutes (relating to availability, scope and amount of coverage); or

    e.  is *occupying* a vehicle both *owned by a resident relative* and to which the full tort election applies.

2.  An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

3.  An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

*State Farm Companies* means one or more of the following:

1.  State Farm Mutual Automobile Insurance Company;

2.  State Farm Fire and Casualty Company; and

3.  Any of their affiliates.

*Temporary Substitute Car* means a *car* that is in the lawful possession of the *person* operating it and that:

1.  replaces *your car* for a short time while *your car* is out of use due to its:

    a.  breakdown;

    b.  repair;

    c.  servicing;

    d.  damage; or

    e.  theft; and

2.  neither *you* nor the *person* operating it own or have registered.

If a *car* qualifies as both a *non-owned car* and a *temporary substitute car*, then it is considered a *temporary substitute car* only.

*Trailer* means:

1.  only those trailers:

    a.  designed to be pulled by a *private passenger car*;

    b.  not designed to carry *persons*; and

    c.  while not used as premises for office, store, or display purposes; or

2.  a farm implement or farm wagon while being pulled on public roads by a *car*.

*Us* means the Company issuing this policy as shown on the Declarations Page.

*We* means the Company issuing this policy as shown on the Declarations Page.

*You* or *Your* means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then *"you"* or *"your"* includes the spouse of the first *person* shown as a named insured if the spouse resides primarily with that named insured.

6
9838A

*Your Car* means a vehicle shown under YOUR CAR on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

If a *car* is shown on the Declarations Page under YOUR CAR, and *you* ask *us* to replace it with a *car* newly *owned by you*, then the *car* being replaced will continue to be considered *your car* until the earliest of:

1. the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2. the date this policy is no longer in force; or

3. the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage to the vehicles for which symbol "A" and a corresponding premium are shown on the Declarations Page.

**Additional Definition**

*Insured* means:

1. *you* and *resident relatives* for:
    a. the ownership, maintenance, or use of:
        (1) *your car*;
        (2) a *newly acquired car*; or
        (3) a *trailer*; and
    b. the maintenance or use of:
        (1) a *non-owned car*; or
        (2) a *temporary substitute car*;

2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3. any other *person* for his or her use of:
    a. *your car*;

    b. a *newly acquired car*;
    c. a *temporary substitute car*; or
    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. *We* will pay:
    a. damages an *insured* becomes legally liable to pay because of:
        (1) *bodily injury* to others; and
        (2) damage to property
        caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;
    b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

7
9838A

c. court costs charged to an *insured* and resulting from that part of a lawsuit:

   (1) that seeks damages payable under this policy's Liability Coverage; and

   (2) against which *we* defend an *insured* with attorneys chosen by *us.*

*We* have no duty to pay attorney fees and court costs incurred after *we* deposit in court or pay the amount due under this policy's Liability Coverage.

2. *We* have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the *insured* that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment *we* pay; and

   b. after a judgment. *We* will not pay interest on damages paid or payable by a party other than the *insured* or *us*.

   *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *persons* injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is

8
9838A

the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most we will pay regardless of the number of:

1. *Insureds*;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Exclusions**

THERE IS NO COVERAGE FOR AN *IN-SURED*:

1. WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY;

2. FOR *BODILY INJURY* TO:

   a. *YOU*;

   b. *RESIDENT RELATIVES*; AND

   c. ANY OTHER *PERSON* WHO BOTH RESIDES PRIMARILY WITH AN *INSURED* AND WHO:

      (1) IS RELATED TO THAT *INSURED* BY BLOOD, MARRIAGE, OR ADOPTION; OR

      (2). IS A WARD OR FOSTER CHILD OF THAT *INSURED*;

3. OR FOR THAT *INSURED'S* INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSA-TION, DISABILITY, OR SIMILAR LAW;

4. FOR *BODILY INJURY* TO THAT *IN-SURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that *insured's* household

employee who is neither covered, nor re-quired to be covered, under workers' com-pensation insurance;

5. FOR *BODILY INJURY* TO THAT *IN-SURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclu-sion does not apply to *you* and *resident relatives* who are legally liable for *bodily injury* to fellow employees;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

   a. *you*; or

   b. any *resident relative*

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;

9. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPO-RARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OC-CUPATION OTHER THAN A *CAR BUSI-NESS* OR VALET PARKING. This exclusion does not apply to the mainte-nance or use of a *private passenger car*;

9

9838A

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

a. *OWNED BY*;

b. RENTED TO;

c. USED BY;

d. IN THE CARE OF; OR

e. TRANSPORTED BY

*YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an *insured* or damage to a private garage while rented to or leased to an *insured*;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

14. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If two or more Liability Coverages provided by the *State Farm Companies* to *you* or any *resident relative* apply to the same accident, then:

a. such Liability Coverage limits will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such coverages combined is the single highest applicable limit provided by any one of the coverages. *We* may choose one or more coverages from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.

a. If:

(1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.

10
9838A

Case ID: 150202249

b. If:

   (1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as primary coverage; and

   (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

   then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as excess coverage; and

      (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

      then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as excess coverage. ─

b. If:

   (1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as excess coverage; and

   (2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

   then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an *insured* is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

# FIRST PARTY COVERAGES

The coverages under this section are provided in accordance with and subject to the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended.

**Additional Definitions – Coverages C2, Q, Z, Y, and F**

*Bodily Injury* means accidental bodily harm to a *person* and that *person's* resulting illness, disease or death.

*First Party Benefits* means benefits paid or payable to an *insured* under Coverages C2, Q, Z, Y or F.

*Insured* means:

1. *you* and *resident relatives*; and

2. any other *person*:

   a. *occupying your car* or a *newly acquired car*; or

   b. not *occupying* a *motor vehicle* if injured as the result of an accident involving *your car*, or a *newly acquired car*. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

*Motor Vehicle* means a vehicle which is self-propelled except one which is propelled:

1. solely by human power; or

2. upon rails.

*Resident Relative* means:

1. *your* spouse;

2. anyone related to *you* by blood, marriage or adoption; and

3. a minor in the custody of *you*, *your spouse* or a *resident relative*

resident in *your* household, even if temporarily residing elsewhere.

## MEDICAL PAYMENTS – COVERAGE C2

This policy provides Coverage C2 to the vehicles for which symbol "C2" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage C2**

*We* will pay for medical expenses for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the *bodily injury*; or

2. without limitation as to time, provided that, within 18 months from the date of the accident causing the *bodily injury*, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury*.

The amount *we* will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

Case ID: 150202249

## EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q

This policy provides Coverage Q to the vehicles for which symbol "Q" and a corresponding premium are shown on the Declarations Page.

### Insuring Agreement and Limits – Coverage Q

*We* will pay up to the lifetime aggregate limit of $1,000,000 for those reasonable medical expenses which exceed $100,000. The medical expense must be for *bodily injury* to an *insured* caused by accident arising out of the maintenance or use of a *motor vehicle*.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

- if incurred within 18 months from the date of the accident causing the *bodily injury*; or

- without limitation as to time, provided that within 18 months from the date of the accident causing the *bodily injury*, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury*.

The most *we* will pay in any 12 month period beginning 18 months after the date the *insured's* reasonable medical expenses exceed $100,000 as a result of the *bodily injury* is $50,000.

These expenses must be:

1. for:
   a. services performed, or
   b. medical supplies, medication or drugs prescribed

   by a medical provider licensed by the state to provide the specific medical services; and

2. for diagnosis, direct care or treatment of the *bodily injury*. The diagnosis, direct care or treatment must be:
   a. within the standards of good medical practice, and
   b. not primarily for the convenience of the patient or medical provider.

*We* have the right to make or obtain an independent review of the medical expenses and services performed to determine if they are reasonable and necessary for the *bodily injury* sustained.

The amount *we* will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

1. FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL OR REHABILITATIVE PURPOSE; OR

2. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSIONS AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*.

## LOSS OF INCOME – COVERAGE Z

This policy provides Coverage Z to the vehicles for which "Z" with a number beside it and a corresponding premium are shown on the Declarations Page. "Z" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the Coverage Z schedule in this provision for the limits *you* have chosen.

### Insuring Agreement – Coverage Z

*We* will pay income loss benefits with respect to *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*. Income loss benefits are:

1. 80% of the *insured's* actual loss of gross income from work the *insured* would have performed except for the *bodily injury*;

2. reasonable expenses actually incurred for:

   a. hiring a substitute to perform self-employment services to reduce loss of gross income; or

   b. hiring special help thereby enabling the *insured* to work and reduce loss of gross income.

Income loss benefits do not include:

1. loss of expected income for any period following the death of an *insured*;

2. expenses incurred for services performed following the death of an *insured*; or

3. any loss of income during the first five working days the *insured* did not work after the accident because of the *bodily injury*.

### Schedule – Coverage Z

| Coverage Symbol | Maximum Payable Per Month | Total Maximum Benefits |
|---|---|---|
| Z1 | $1,000 | $5,000 |
| Z2 | 1,000 | 15,000 |
| Z3 | 1,500 | 25,000 |
| Z4 | 2,500 | 50,000 |

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y

This policy provides Coverage Y to the vehicles for which "Y" with a number beside it and a corresponding premium are shown on the Declarations Page. "Y" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the Coverage Y schedule in this provision for the limits *you* have chosen.

### Additional Definition – Coverage Y

*Loss* means the *loss* of:

1. the foot or hand, cut off through or above the ankle or wrist; or

2. the whole thumb or finger; or

3. all sight.

### Insuring Agreement – Coverage Y

*We* will pay the amount shown in the schedule that applies for death of, or *loss* to, an *insured* arising out of the maintenance or use of a *motor vehicle*. The death or *loss* must be the direct result of the accident and not due to any other cause. The death must occur within 24 months from the date of the accident. If the death occurs within 24 hours after the accident, *we* will pay only the amount that applies to death. *Loss* must occur within 90 days of the accident.

14
9838A

Case ID: 150202249

## Schedule – Coverage Y

| Coverage Symbol | Y1 | Y2 | Y3 |
|---|---|---|---|
| Death | $5,000 | $10,000 | $25,000 |
| *Loss* of: hands, feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 | 25,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 | 12,500 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 | 7,500 |
| any two fingers | 1,000 | 2,000 | 5,000 |

**Payments of Benefits – Coverage Y**

The death benefit shall be paid to the executor or administrator of the *insured's* estate.

**FUNERAL BENEFITS – COVERAGE F**

This policy provides Coverage F to the vehicles for which symbol "F" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage F**

*We* will pay for funeral expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of an *insured*. The death must be the result of the accident. The expenses must be incurred within 24 months from the date of the accident.

**Limits – Coverage C2**

The amount of coverage for medical expenses is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person".

**Limits – Coverage Z**

The most *we* will pay an *insured* for income loss benefits per month and in the aggregate are shown in the coverage Z schedule next to *your* coverage symbol.

**Limits – Coverage Y**

The amount *we* will pay because of the death of the *insured* is shown under *your* coverage symbol in the Coverage Y schedule. The maximum amount payable to an *insured* for all *loss*, as shown in the schedule, shall not exceed the death benefit amount shown for *your* coverage symbol.

The amount shown in the schedule for death of or *loss* to the *insured* is doubled for an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

**Limits – Coverage F**

The amount of coverage for funeral expenses is shown on the Declarations Page under "Funeral Benefits Coverage – Limit – Each Person".

**Limits – Coverages C2, Q, Z, Y, and F**

These coverages are excess over, but shall not duplicate, any amount paid or payable to or for the *insured* under any workers' compensation law.

**Priorities for the Payment of First Party Benefits – Coverages C2, Q, Z, Y, and F**

1. When more than one policy applies, the *person* who suffers *bodily injury* shall recover *first party benefits* against applicable insurance coverage in the following order of priority:

   a. The policy on which the *person* is a named insured.

   b. The policy providing coverage because the *person* is residing in the household of a named insured and is:

15
9838A

(1) a spouse or other relative of a named insured; or

(2) a minor in the custody of either a named insured or a relative of a named insured.

c. The policy covering the *motor vehicle occupied* by the injured *person* at the time of the accident.

d. For a *person* who is not the occupant of a *motor vehicle*, the policy on any *motor vehicle* involved in the accident. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

2. THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL. Item a, above is considered the highest priority. Item d. is the lowest priority.

3. Subject to the above, if an *insured* is entitled to *first party benefits* under more than one coverage, the maximum recovery under all coverages for any *first party benefit* will not exceed the amount payable under the coverage with the highest limit of liability for that *first party benefit.*

**Exclusions – Coverages C2, Q, Z, Y, and F**

THERE IS NO COVERAGE FOR *BODILY INJURY:*

1. TO ANY *PERSON* WHOSE CONDUCT CONTRIBUTED TO HIS OR HER *BODILY INJURY* IN ANY OF THE FOLLOWING WAYS:

a. WHILE INTENTIONALLY INJURING OR ATTEMPTING TO INJURE HIMSELF, HERSELF OR ANOTHER;

b. WHILE COMMITTING A FELONY; OR

c. WHILE SEEKING TO ELUDE LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

2. TO ANY *PERSON* WHO KNOWINGLY CONVERTS A *MOTOR VEHICLE* if the *bodily injury* arises out of the maintenance or use of the converted vehicle. This does not apply to *you* or any *resident relative.*

3. TO ANY *PERSON* WHO OWNS A CURRENTLY REGISTERED *MOTOR VEHICLE* AND DOES NOT HAVE THE REQUIRED FINANCIAL RESPONSIBILITY, EVEN IF THAT *PERSON* IS *OCCUPYING* OR STRUCK BY A *MOTOR VEHICLE* FOR WHICH FINANCIAL RESPONSIBILITY IS PROVIDED. This does not apply to *you* or *your spouse* while *occupying* a vehicle insured under the liability coverage of this policy or when struck as a *pedestrian.*

4. TO ANY *PERSON* WHILE OPERATING OR *OCCUPYING:*

a. A RECREATIONAL VEHICLE NOT INTENDED FOR HIGHWAY USE; OR

b. A MOTORCYCLE, MOTORDRIVEN CYCLE, MOTORIZED PEDALCYCLE OR LIKE TYPE VEHICLE REQUIRED TO BE REGISTERED UNDER TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES.

**Mental or Physical Examination – Coverages C2, Q, Z, Y, and F**

Whenever the mental or physical condition of a *person* is material to any claim for medical expenses or income loss benefits, a court of competent jurisdiction may order the *person* to submit to mental or physical examination by a physician. If a *person* fails to comply with the order, the court may order that the *person* be denied benefits until he or she complies.

## COMBINED BENEFITS – COVERAGE M

This policy provides Coverage M to the vehicles for which symbol "M" and a corresponding premium are shown on the Declarations Page.

### Insuring Agreement – Coverage M

*We* will pay for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*:

1. Medical expenses as payable under Coverage C2;

2. Income loss benefits as payable under Coverage Z;

3. The benefits as payable under Coverage Y3; and

4. Funeral expenses as payable under Coverage F.

### Limits – Coverage M

1. The aggregate limit of liability is shown on the Declarations Page under "Combined Benefits Coverage – Limit – Each Person". This is the maximum amount payable for *bodily injury* to an *insured* as the result of an accident.

2. The most *we* will pay to or for an *insured* is as follows:

| Benefit | Limit |
|---|---|
| Medical Expenses | Up to the Aggregate Limit |
| Income Loss | Up to the Aggregate Limit |
| Death | $25,000 |
| Funeral Expenses | Up to $2,500 |

3. Any amount payable for medical expenses greater than $100,000 shall be excess over any amount paid or payable under Extraordinary Medical Payments – Coverage Q.

### Time Limitation – Coverage M

Subject to the limit of liability:

1. benefits are only payable for expenses and loss incurred up to three years from the date of the accident.

2. the death benefit is payable only if death occurs within three years of the date of the accident.

### Other Provisions – Coverage M

Except as amended above, all provisions relating to Coverages C2, Z, Y, and F apply to expense, loss or death benefits of Coverage M.

## UNINSURED MOTOR VEHICLE COVERAGES

This policy provides Uninsured Motor Vehicle – Coverage U (Stacking Option) to the vehicles for which symbol "U" and a corresponding premium are shown on the Declarations Page.

This policy provides Uninsured Motor Vehicle – Coverage U3 (Non-Stacking Option) to the vehicles for which symbol "U3" and a corresponding premium are shown on the Declarations Page.

### Additional Definitions – Coverages U and U3

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

   a. *your car*, a *temporary substitute car*, or a trailer attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle

Case ID: 150202249

which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

b. a *newly acquired car* or a trailer attached to such a *car*. If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*. Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Uninsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or

   b. insured or bonded for bodily injury liability at the time of the accident; but

      (1) the limits are less than required by the financial responsibility act of Pennsylvania; or

      (2) the insuring company:

         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or

         (b) is or becomes insolvent; or

2. the owner and driver of which remain unknown and which causes *bodily injury* to the *insured*. If there is no physical contact between that land motor vehicle and the *insured* or the vehicle the *insured* is *occupying*, then the facts of the accident must be corroborated by a disinterested *person* who witnessed the accident. *You, resident relatives*, and *persons occupying* the same vehicle as the *insured* are not disinterested *persons*.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3. *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;

4. designed for use primarily off public roads except while on public roads; or

5. while located for use as a dwelling or other premises.

**Insuring Agreement – Coverages U and U3**

*We* will pay compensatory damages for *bodily injury an insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

18
9838A

**Consent to Settlement – Coverages U and U3**

The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount – Coverages U and U3**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

      (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

      (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

         (a) *us*;

   (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

   (c) any other party or parties who may be legally liable for the *insured's* damages;

   (2) consent to a jury trial if requested by *us*;

   (3) agree that *we* may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

   a. judgment obtained without *our* written consent; and

   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages U and U3**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.

19
9838A

Case ID: 150202249

These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made; or

3. *uninsured motor vehicles* involved in the accident.

## Limits – Coverage U3

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

   b. the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

   c. the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

## Nonduplication – Coverages U and U3

*We* will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

## Exclusions – Coverages U and U3

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

## Exclusions – Coverage U

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED* IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

### Exclusions – Coverage U3

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR.*

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

### If Other Uninsured Motor Vehicle Coverage Applies – Coverage U

1. If uninsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car.*

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury:*

   a. on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage on a primary basis.

   b. on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

### If Other Uninsured Motor Vehicle Coverage Applies – Coverage U3

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury,* then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car.*

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

Case ID: 150202249

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources

other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages U and U3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

22
9838A

Case ID: 150202249

## UNDERINSURED MOTOR VEHICLE COVERAGES

This policy provides Underinsured Motor Vehicle – Coverage W (Stacking Option) to the vehicles for which symbol "W" and a corresponding premium are shown on the Declarations Page.

This policy provides Underinsured Motor Vehicle – Coverage W3 (Non-Stacking Option) to the vehicles for which symbol "W3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages W and W3**

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

   a. *your car*, a *temporary substitute car*, or a *trailer* attached to such a *car*. Such other *person* is an *insured* only under the coverage applicable to the vehicle which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of *your* consent; or

   b. a *newly acquired car* or a trailer attached to such a *car*. If the *newly acquired car* replaces *your car*, such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* does not replace *your car*, such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse*. Such *car* has to be used within the scope of *your* consent.

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Underinsured Motor Vehicle* means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:

   a. insured or bonded for bodily injury liability at the time of the accident; or

   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:

   a. are less than the amount of the *insured's* damages; or

   b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages.

*Underinsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3. designed for use primarily off public roads except while on public roads;

4. while located for use as a dwelling or other premises; or

5. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Coverage of this policy.

23
9838A

Case ID: 150202249

## Insuring Agreement – Coverages W and W3

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the ownership, maintenance, or use of an *underinsured motor vehicle* as a motor vehicle.

*We* will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's bodily injury* have been used up by payment of judgments or settlements, or have been offered to the *insured* in writing.

The amount *we* will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

## Consent to Settlement – Coverages W and W3

The *insured* must inform *us* of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the *underinsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

    a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *underinsured motor vehicle*; and

    b. any recovery from or on behalf of the owner or driver of the *underinsured motor vehicle* shall first be used to repay *us*.

## Deciding Fault and Amount – Coverages W and W3

1. a. The *insured* and *we* must agree to the answers to the following two questions:

    (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *underinsured motor vehicle*?

    (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *underinsured motor vehicle*?

   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

    (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

        (a) *us*;

        (b) the owner and driver of the *underinsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

        (c) any other party or parties who may be legally liable for the *insured's* damages;

    (2) consent to a jury trial if requested by *us*;

    (3) agree that *we* may contest the issues of liability and the amount of damages; and

    (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

24
9838A

2. *We* are not bound by any:

    a.  judgment obtained without *our* written consent; and

    b.  default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages W and W3**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

    a.  The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

        (1)  the limit shown under "Each Person"; or

        (2)  the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

    b.  Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for *bodily injury* made to all *insureds* by or on behalf of any *person* or

organization who is or may be held legally liable for the *bodily injury*.

2. These Underinsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

    a.  *insureds*;

    b.  claims made; or

    c.  *underinsured motor vehicles* involved in the accident.

**Limits – Coverage W3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

    a.  the limit applicable to the vehicle that was involved in the accident while *occupying your car*;

    b.  the limit applicable to the vehicle that was replaced while *occupying* a *newly acquired car* that replaces *your car*; or

    c.  the limit applicable to any one vehicle insured under this policy while injured as a *pedestrian* or injured while *occupying* a *newly acquired car* that does not replace *your car*, a *temporary substitute car*, or a *non-owned car*.

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages W and W3**

*We* will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the *insured*:

1. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

2. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

Case ID: 150202249

**Exclusions -- Coverages W and W3**

THERE IS NO COVERAGE:

1. FOR AN *INSURED WHO*, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

    a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

    b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

    c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions -- Coverage W**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY THAT INSURED* IF THE VEHICLE IS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions -- Coverage W3**

THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR.*

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while *occupying* a motor vehicle not *owned by* one or both of them.

**If Other Underinsured Motor Vehicle Coverage Applies -- Coverage W**

1. If underinsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by *us* or any other insurer, any coverage applicable:

    a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

    b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

    c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car.*

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury:*

    a. on a primary basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all

26
9838A

Case ID: 150202249

applicable underinsured motor vehicle coverage on a primary basis.

   **b.** on an excess basis, *we* are liable only for our share. *Our* share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by one or more of the *State Farm Companies* apply to the same *bodily injury*, then:

   **a.** the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   **b.** the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   **a.** If:

     (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

     (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

   **b.** If:

     (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

     (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   **a.** If:

     (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

     (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

Case ID: 150202249

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages W and W3**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

to the vehicles for which the corresponding symbols and premiums are shown on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and

28
9838A

6. a *non-owned trailer* and a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily rental charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the value of any *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

*Loss Caused By Collision* means a *loss* caused by:

1. a *covered vehicle* hitting or being hit by another vehicle or other object; or

2. the overturning of a *covered vehicle*.

Any *loss* caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a *Loss Caused By Collision*.

*Non-Owned Camper* means a camper designed to be mounted on a pickup truck that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides primarily in *your* household; or

c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

*Non-Owned Trailer* means a *trailer* that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides primarily in *your* household; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

## Insuring Agreements

1. **Comprehensive Coverage**

   *We* will pay:

   a. for *loss*, except *loss caused by collision*, to a *covered vehicle*; and

   b. transportation expenses incurred by an *insured* as a result of the total theft of *your car* or a *newly acquired car*. These transportation expenses are payable:

      (1) during the period that:

         (a) starts on the date *you* report the theft to *us*; and

         (b) ends on the earliest of:

            (i) the date the vehicle is returned to *your* possession in a drivable condition;

            (ii) the date *we* offer to pay *you* for the *loss* if the vehicle has not yet been recovered; or

29
9838A

Case ID: 150202249

(iii) the date *we* offer to pay *you* for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

2. **Collision Coverage**

*We* will pay for *loss* caused by *collision* to a *covered vehicle*.

3. **Emergency Road Service Coverage**

*We* will pay the fair cost incurred by an *insured* for:

a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

*We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay the *daily rental charge* incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the *loss*; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date *we* offer to pay *you* for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

(c) five days after *we* offer to pay *you* for the *loss* if the vehicle is:

(i) a total loss as determined by *us*; or

(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

b. **Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not

30
9838A

Case ID: 150202249

drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

   (a) starts after the *loss* occurs; and

   (b) ends on the earlier of:

     (i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

     (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive deductible or collision deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the corresponding *covered vehicle* sustains *loss* for which *we* make a payment under Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

   a. for a reasonable distance from the location of the *loss* to any one repair facility. chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable.

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

   b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

31
9838A

a. Pay the cost to repair the *covered vehicle* minus any applicable deductible.

(1) *We* have the right to choose one of the following to determine the cost to repair the *covered vehicle*:

(a) The cost agreed to by both the owner of the *covered vehicle* and *us*;

(b) A bid or repair estimate approved by *us*; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement *we* have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the *covered vehicle* is to be repaired as determined by a survey made by *us*. If asked, *we* will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the *covered vehicle* to its pre-loss condition.

*You* agree with *us* that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

*You* also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the *covered vehicle* does not include any reduction in the value of the *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then *you* or the owner of the *covered vehicle* must pay for the amount of the betterment.

(4) If *you* and *we* agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the *covered vehicle* minus any applicable deductible.

(1) The owner of the *covered vehicle* and *we* must agree upon the actual cash value of the *covered vehicle*. If there is disagreement as to the actual cash value of the *covered vehicle*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the following procedures:

(a) The owner and *we* will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred

by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the *covered vehicle*. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the *covered vehicle* and *us*.

(f) *We* do not waive any of *our* rights by submitting to an appraisal.

(2) The damaged *covered vehicle* must be given to *us* in exchange for *our* payment, unless *we* agree that the owner may keep it. If the owner keeps the *covered vehicle*, then *our* payment will be reduced by the value of the *covered vehicle* after the *loss*.

c. Return the stolen *covered vehicle* to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most *we* will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per *loss*.

3. The most *we* will pay for *loss* to a *non-owned trailer* or a *non-owned camper* is $2,500.

## Limits – Car Rental, and Travel Expenses Coverage

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If:

      (1) a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

      (2) a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

2. **Travel Expenses**

   The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

3. **Rental Car – Repayment of Deductible Expense**

   The most *we* will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one *loss* is $500.

## Nonduplication

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

## Exclusions

THERE IS NO COVERAGE FOR:

1. ANY *COVERED VEHICLE* THAT IS:

33
9838A

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN *INSURED*;

2. ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3. ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY *COVERED VEHICLE* DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF THE *COVERED VEHICLE* WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7. *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR

REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY *COVERED VEHICLE* THAT ARE DUE TO THE EXISTENCE OF *FUNGI*;

8. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT *COVERED VEHICLE* BY ANY GOVERNMENTAL AUTHORITY;

10. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM WAR OF ANY KIND;

11. *YOUR CAR* WHILE SUBJECT TO ANY:

a. LIEN AGREEMENT;

b. RENTAL AGREEMENT;

c. LEASE AGREEMENT; OR

d. SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY *NON-OWNED CAR* WHILE IT IS:

a. BEING MAINTAINED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS*. This exclusion (12.b.) does not apply to a *private passenger car*;

34
9838A

13. ANY PART OR EQUIPMENT OF A *COVERED VEHICLE* IF THAT PART OR EQUIPMENT:

 a. FAILS OR IS DEFECTIVE; OR

 b. IS DAMAGED AS A DIRECT RESULT OF:

   (1) WEAR AND TEAR;

   (2) FREEZING; OR

   (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

  OF THAT PART OR EQUIPMENT.

 This exclusion does not apply if the *loss* is the result of theft of the *covered vehicle*;

14. ANY PART OR EQUIPMENT:

 a. THAT IS NOT LEGAL FOR USE IN OR ON THE *COVERED VEHICLE* IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED; OR

 b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE *COVERED VEHICLE*.

 However, if there is a legal version of the part or equipment that is necessary for the safe operation of the *covered vehicle*, then *we* will pay the cost that *we* would otherwise have paid to repair the vehicle with the legal version of the part or equipment. *We* will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

 a. *loss* is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

 b. *loss caused by collision* to another part of the *covered vehicle* causes *loss* to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

 a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

 b. *OWNED BY AN INSURED*; AND

 c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY *COVERED VEHICLE* WHILE IT IS:

 a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

 b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same *loss* or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that *loss* or expense applies.

35
9838A

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an *insured* by one or more of the *State Farm Companies* apply to the same *loss* or expense, then only one policy applies. *We* will select a policy that pays the most for the *loss* or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a *loss* to *your car*.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as primary that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as excess that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in *your car*. Coverage for the creditor's interest is only provided for a *loss* that is payable to *you*.

However, if this policy is cancelled or nonrenewed, then *we* will provide coverage for the creditor's interest until *we* notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a *loss* that would have been payable to *you* if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date *we* mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If *we* pay such creditor, then *we* are entitled to the creditor's right of recovery against *you* to the extent of *our* payment. *Our* right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle owned by you*:

      (1) *You*;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle* not *owned by you*:

      (1) *You*;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

36
9838A

Case ID: 150202249

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

*We* may, at *our* option, make payment to one or more of the following:

a. *You;*

b. The *insured* who incurred the expense; or

c. Any party that provided the service for which payment is owed.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us:*

   a. *your* name;

   b. the names and addresses of all *persons* involved in the accident or *loss;*

   c. the hour, date, place, and facts of the accident or *loss;* and

   d. the names and addresses of witnesses to the accident or *loss.*

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

   b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The *insured* must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish. This does not apply under the First Party Coverages if *we* fail to supply the forms within 10 days after receiving the notice of claim.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each *insured;*

   b. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages, each *insured*, or any other *person* or organization making claim or seeking payment; and

   c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

   must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by

37
9838A

Case ID: 150202249

anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the *covered vehicle* must:

a. protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b. make a prompt report to the police when the *loss* is the result of theft;

c. allow *us* to:

  (1) inspect any damaged property before its repair or disposal;

  (2) test any part or equipment before that part or equipment is removed or repaired; and

  (3) move the *covered vehicle* at *our* expense in order to conduct such inspection or testing;

d. provide *us* all:

  (1) records;

  (2) receipts; and

  (3) invoices

  that *we* request and allow *us* to make copies; and

e. not abandon the *covered vehicle* to *us*.

**6. Other Duties Under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages**

A *person* making claim under:

a. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

b. First Party Coverages must authorize *us* to obtain all medical bills, reports, and records. If the *person* is dead or unable to act, his or her legal representative shall give *us* the authorization;

c. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

  (1) be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

  (2) provide written authorization for *us* to obtain:

    (a) medical bills;

    (b) medical records;

    (c) wage, salary, employment, tax, business, and financial information; and

    (d) any other information *we* deem necessary to substantiate the claim.

  If an injured *Insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

  If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request

Case ID: 150202249

the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

(3) allow *us* to inspect the vehicle that the *insured occupied* in the accident;

(4) send *us* immediately a copy of all lawsuit papers if the *insured* files

a lawsuit against the party liable for the accident; and

d. Uninsured Motor Vehicle Coverages must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police as soon as practicable and to *us* within 30 days or as soon as practicable.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

3. **Newly Owned or Newly Leased Car**

If *you* want to insure a *car* newly *owned by you* with the *State Farm Companies* after that *car* ceases to be a *newly acquired car*, then *you* must either: –

a. request *we* replace a *car* currently shown on the Declarations Page of this policy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

(1) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

(2) after the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date; or

b. apply to the *State Farm Companies* for separate coverage to insure the *car* newly *owned by you*. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of the application.

39
9838A

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

   *We* may only change the provisions of this policy by:

   (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

   (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Pennsylvania without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

   (1) No change of interest in this policy is effective unless *we* consent in writing.

   (2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

   (a) any *person* with lawful custody of *your car*, a *newly acquired car*, or a *temporary substitute car* until a legal representative is qualified; and then

   (b) the legal representative of the deceased named insured.

   This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

   Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

   c. **Joint and Individual Interests**

   If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

5. **Premium**

   a. Unless as otherwise provided by an alternative payment plan in effect with the *State Farm Companies* with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

   b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

   c. The premium for this policy may vary based upon the purchase of other insurance from the *State Farm Companies*.

   d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

   (1) *Your car*, or its use, including annual mileage;

   (2) The *persons* who regularly drive *your car*, including newly licensed family members;

   (3) *Your* marital status; or

   (4) The location where *your car* is primarily garaged.

   If the above information or any other information used to determine the premium is incorrect, incomplete,

40
9838A

Case ID: 150202249

changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

6.  **Renewal**

    *We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7.  **Nonrenewal**

    If *we* decide not to renew this policy:

    a.  because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

    b.  for any other reason, then at least 60 days before the end of the current policy period

    *we* will mail or deliver a nonrenewal notice to the most recent address provided to *us* by *you* as the policy address. The mailing of the notice will be sufficient proof of notice.

8.  **Cancellation**

    a.  **How You May Cancel**

        *You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

    b.  **How and When We May Cancel**

        *We* may cancel this policy by mailing or delivering a written notice to the most recent address provided to *us* by *you* as the policy address. The notice

will provide the date cancellation is effective. The mailing of the notice will be sufficient proof of notice.

(1) If *we* mail or deliver a cancellation notice:

    (a) during the first 59 days following this policy's effective date; or

    (b) because the premium is not paid when due or a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period

    then the date cancellation is effective will be at least 15 days after the date *we* mail or deliver the cancellation notice.

(2) If *we* mail or deliver a cancellation notice after this policy has been in force for more than 59 days and because the insured has misrepresented or concealed facts material to *our* acceptance of the risk, then the date cancellation is effective will be at least 60 days after the date *we* mail or deliver the cancellation notice.

(3) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

    (a) the premium is not paid when due;

    (b) a named insured has had his or her driver's license or motor vehicle registration under suspension or revocation during the policy period. If *we* cancel this policy solely because a named insured's driver's license was suspended or revoked due to such named

41
9838A

insured's failure to respond to a citation, *we* will reinstate this policy to provide continuous coverage if *you* furnish to *us*, before the cancellation effective date, proof that such named insured has:

  (i) responded to all citations; and

  (ii) paid all fines and penalties in connection with them; or

  (c) the insured has misrepresented or concealed facts material to *our* acceptance of the risk.

**c.  Return of Unearned Premium**

If *you* cancel this policy, then premium may be earned on a short rate basis. If *we* cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium will be returned at the time of cancellation or within:

  (1) 30 days after *we* cancel this policy; or

  (2) a reasonable time after cancellation if *you* cancel this policy.

Delay in the return of any unearned premium does not affect the cancellation date.

**9.  Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

**10.  Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

**11.  Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12.  Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by *us*. Under all other coverages the following apply:

**a.  Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* or organization to or for whom *we* make payment must help *us* recover *our* payments by:

  (1) doing nothing to impair that legal right;

  (2) executing any documents *we* may need to assert that legal right; and

  (3) taking legal action through *our* representatives when *we* ask.

**b.  Reimbursement**

If *we* make payment under this policy and the *person* or organization to or for whom *we* make payment recovers or has recovered from another *person* or organization, then the *person* or organization to or for whom *we* make payment must:

  (1) hold in trust for *us* the proceeds of any recovery; and

  (2) reimburse *us* to the extent of *our* payment.

**13.  Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against *us* regarding:

42
9838A

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

   (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

   (2) agreement between the claimant and *us*.

b. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages if the *Insured* or that *insured's* legal representative within two years immediately following the date of the accident:

   (1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to *us*; and

   (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured Motor Vehicle Coverages or Underinsured Motor Vehicle Coverages for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

**14. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Pennsylvania will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

Case ID: 150202249